UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFERSON D. CALLAGHAN,
 Plaintiff,

vs.             No. 08-1144

ROGER WALKER, JR.,
 Defendants

ORDER

  This cause is before the court for a merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

  The plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 against three defendants: Illinois Department of Corrections Director Roger Walker, Menard Correctional Center Warden Donald Hulick and Corrections Counselor Barbara Mueller.

  The plaintiff says Defendant Mueller violated his Eighth Amendment rights when she repeatedly sexually assaulted the plaintiff from October 18, 2006 to April 4, 2007. Defendants Hulick and Walker violated the plaintiff's rights when they were informed of the assaults but took no action. The plaintiff has adequately stated a violation of his Eighth Amendment rights. Claims of sexual abuse by correctional officers may be the basis of an Eighth Amendment claim. *See Johnson v. Phelan,* 69 F.3d 144, 147 (7th Cir. 1995). In addition, correctional officials violate the Eighth Amendment when they fail to protect an inmate from an attack by another staff member.

  "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge..." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). However, to succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the defendant subjectively disregarded that risk. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

  The plaintiff also states that "at no time was the plaintiff provided medical treatment, even when the plaintiff was bleeding from his rectum after the first sexual assault in October of 2006." (Comp, p. 6). Although the plaintiff does not clearly state who he told he needed medical care, the court will allow the plaintiff to proceed on a claim that the named defendants violated

his Eighth Amendment rights when they were deliberately indifferent to a serious medical condition.   The plaintiff will need to clarify specifically who he told that he needed care, when he told them and what his medical needs were as this case proceeds.

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has also filed a motion for appointment of counsel stating that he has attempted to retain counsel without success.  Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment.  *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'"  *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'"  *Luttrell*, 129 F.3d at 936.  Though the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se.  The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome.  The motion is denied. [d/e 3]

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **a)  Defendant Mueller violated the plaintiff's Eighth Amendment rights when she repeatedly sexually assaulted the plaintiff from October 18, 2006 to April 4, 2007.**

> **b) Defendants Hulick and Walker violated the plaintiff's Eighth Amendment rights when they were informed of the assaults but took no action.**

> **c) Defendants Mueller, Hulick and Walker violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical condition after the assaults.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

7) The plaintiff's motion for appointment of counsel is denied. [d/e 3]

    Entered this 9th Day of July , 2008.

               s\Harold A. Baker

                _____
                HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE